UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY ROBERT PETROZZI,

               Petitioner,

v.

THURSTON COUNTY SUPERIOR COURT and THURSTON COUNTY CORRECTIONS,

               Respondent.

CASE NO. 3:17-cv-05677-RBL-JRC

ORDER TO SHOW CAUSE

      The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

      Petitioner Timothy Petrozzi challenges his convictions for driving under the influence, intimidation of a judicial officer, driving without a license, assault, and obstruction of justice. He claims, among other allegations, that he was denied his First Amendment right when he was denied a right to be heard in court, that he was improperly profiled and targeted by Lacey police

officers, that he received ineffective assistance of counsel, and that two of his defense attorneys committed prejudicial misconduct. However, it does not appear that petitioner has exhausted his state court remedies. Further, petitioner has included only the Thurston County Superior Court and Thurston County Corrections as defendants, rather than the state officer who has custody of him. Having reviewed the petition, the Court declines to serve the petition because it does not appear that petitioner has exhausted his state remedies and the petition does not comply with the Rules Governing Section 2254 Cases. The Court instructs petitioner to show cause by October 27, 2017 why the Court should not recommend his habeas petition be dismissed. In the alternative, petitioner may voluntarily dismiss his habeas petition and refile the petition once he has completed his current appeals process and exhausted his state court remedies. Petitioner could also move the court to stay his petition until he exhausts his state remedies.

## BACKGROUND

Petitioner was convicted of driving under the influence, hit and run, intimidation of a judicial officer, driving without a license, assault in the third degree, and obstruction of justice in 2017. Dkt. 7 at 1. He timely filed an appeal with the Washington Court of Appeals raising numerous grounds, including violations of the 1st, 4th, 5th, 6th, 7th, 8th, 9th, and 14th Amendments. Dkt. 7 at 2. His direct appeal is still pending in the Court of Appeals.

## DISCUSSION

**I.  Exhaustion**

Petitioner has not yet exhausted his state court remedies. "[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner's claims are only exhausted after "the state courts [have been given] a meaningful opportunity to consider

allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "State prisoner must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Here, petitioner notes that he has filed an appeal that is still pending with the Washington Court of Appeals. Dkt. 7 at 2. Though he is currently exhausting his state remedies, because the state courts have not yet had a full and fair opportunity to examine his claims without federal interference, this Court will not entertain his habeas petition at this time. Petitioner is therefore instructed to show cause why the Court should not recommend dismissal of his action. In the alternative, petitioner may voluntarily dismiss his claim. He can then complete his state appeals process and exhaust all state remedies before refiling his habeas petition with the Court. Petitioner could also move the Court to stay his action until his state remedies have been exhausted.

## II. Incorrect Defendants

Petitioner has also included the incorrect defendants on his habeas petition. Under Rule 2(a) of the Rules Governing Section 2254 Cases, "the petition must name as respondent the *state officer who has custody*." (emphasis added). Further,

> [t]he petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. §2242.

*Id.* at Rule 2(c). The petition must "substantially follow" a form prescribed by the local district court or the form attached to the Rules Governing Section 2254 Cases. *Id.* at Rule 2(d).

Here, petitioner has named the Thurston County Superior Court and "Thurston County Corrections" as the sole respondents in violation of Rule 2(a). If petitioner intends to pursue this habeas action, he must file a petition naming the correct defendant in compliance with Rule 2(a) of the Rules Governing Section 2254 Cases on the form provided by the Court. The defendant should be the *head of the jail where petitioner resides*. Because petitioner currently resides at the Thurston County Jail, the appropriate defendant is Thurston County Sheriff John Snaza.

**CONCLUSION**

If petitioner fails to adequately address the issues raised herein and show cause **on or before October 27, 2017** why the Court should not recommend dismissal, the undersigned will recommend dismissal of this action. In the alternative, petitioner may *voluntarily dismiss* the petition. Petitioner may then complete his state court appeals process and exhaust his state court remedies before refiling his habeas petition for consideration. Petitioner could also *move the Court to stay the action* until petitioner have exhausted his state remedies.

The Clerk is directed to provide copies of this Order to petitioner.

Dated this 4th day of October, 2017.

J. Richard Creatura
United States Magistrate Judge