UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY ROBERT PETROZZI,

    Petitioner,

v.

THURSTON COUNTY SUPERIOR COURT and THURSTON COUNTY CORRECTIONS,

    Respondents.

CASE NO. 3:17-cv-05677-RBL-JRC

ORDER DENYING MOTION FOR COUNSEL, MOTION TO STAY, AND MOTION FOR EMERGENCY HEARING

    The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner Timothy Robert Petrozzi filed the petition pursuant to 28 U.S.C. § 2254. He has now filed a motion for appointment of counsel (Dkt. 11), motion to stay dismissal of habeas until appointment of counsel and to stay state court proceedings (Dkt. 13), and motion for emergency hearing regarding his motion to stay (Dkt. 19).

Petitioner alleges that he is being denied counsel in his ongoing competency hearings for three state criminal prosecutions. Construed liberally, he requests that the Court appoint him counsel for those hearings and for this habeas petition, that the Court stay any orders of dismissal as to his habeas petition until counsel is appointed, and that the Court stay the state prosecutions until counsel has been appointed. However, petitioner is still in the process of exhausting his state judicial remedies and has not demonstrated the exceptional circumstances necessary for appointment of counsel in this proceedings. Therefore, the court denies petitioner's motions.

## BACKGROUND

Petitioner is a defendant in a state criminal proceeding and is currently undergoing a state mental competency evaluation. He filed this habeas petition in August of 2017. Dkt. 1. He alleges that his constitutional rights have been violated, but he has not pled facts alleging that he has fully exhausted his remedies in state court. Dkt. 7. In October of 2017, the Court ordered that petitioner show cause why his case should not be dismissed or file an amended complaint. At that time, the Court noted that petitioner appeared to still be exhausting his state judicial remedies and that he had named improper respondents in his petition. Dkt. 8. He responded, but did not address the Court's order, and instead asserted that Washington state law requires this Court to appoint him counsel. He also asked this Court to stay any order of dismissal until counsel is appointed. Dkt. 12 (citing RCW 10.77.020). Finally he also filed a motion for appointment of counsel (Dkt. 11) and motion to stay dismissal of habeas until appointment of counsel and to stay state court proceedings (Dkt. 13). He subsequently filed a motion for an emergency hearing on his motions. Dkt. 19. The Court has not yet served the petition or subsequent motions on respondents.

## DISCUSSION

### I. Appointment of Counsel

Construed liberally, petitioner asks that the Court appoint him counsel for this habeas petition as well as for his underlying mental competency proceedings.

First, with regard to his habeas petition, there is no constitutional right to appointment of counsel in habeas petitions because they are civil, not criminal, in nature. *See Terrovona v. Kincheloe*, 912 F.3d 1176, 1181 (9th Cir. 1990). The Court may request an attorney to represent indigent civil litigants under 28 U.S.C. § 1915(e)(1), but should do so only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, petitioner has not demonstrated the exceptional circumstances warranting appointment of counsel. He has not yet filed an amended habeas petition and the Court has already described the deficiencies in his current habeas petition. Dkt. 8. Until petitioner remedies those deficiencies, the Court cannot evaluate the likelihood of his success on the merits. Further, petitioner has articulated the factual and legal basis for his habeas petition in a sufficiently clear manner as to indicate he does not presently require counsel to voice his grievances. So far, that articulation demonstrates that he is capable of articulating his claim, but he is unlikely to succeed on the merits. Petitioner has not demonstrated the circumstances warranting appointment of counsel.

Nonetheless, petitioner argues he is entitled to counsel under RCW 10.77.020, a Washington law that provides counsel for disabled individuals "[a]t any and all stages of the

proceedings pursuant to this chapter." However, that title relates to the rights of criminally insane individuals during trial, sentencing, and appeal in state court. *See* RCW 10.77. It does not contemplate restricting a federal district court during a habeas corpus proceeding and so is not applicable to this case. Therefore, the Court denies plaintiff's motion for appointment of counsel as to this habeas proceeding. Dkt. 11.

Second, insofar as petitioner is claiming his right to counsel is being infringed in his state court proceedings, the Court has already noted that petitioner is currently in the process of exhausting his state court remedies. *See* Dkt. 8 at 2-3. This Court may not entertain a habeas petition until petitioner's state court remedies have been exhausted. *Picard v. Connor*, 404 U.S. 170, 175 (1971). In the event the Washington courts deny petitioner the relief he requests, the Court may consider petitioner's complaints concerning his access to counsel. Until then, the Court must allow the state courts an opportunity to analyze petitioner's request regarding appointment of counsel in the state court proceeding.

Finally, because the Court has determined that counsel is not yet warranted in this case, the Court also denies petitioner's motion to stay dismissal until counsel is appointed. Dkt. 13.

**II.     Stay of State Court Proceedings**

Petitioner also asks the Court to stay proceedings in three state court prosecutions and asks the Court for an emergency hearing on his motion to stay. Dkts. 13 at 1; 19 at 1. A federal court will only interfere with ongoing state criminal proceedings if petitioner can show that: 1) he has exhausted available state judicial remedies; and 2) "special circumstances" warrant federal intervention. *See Carden v. Montana*, 626 F.2d 82, 83-84 & n.1 (9th Cir.), *cert. denied*, 449 U.S. 1014 (1980); *Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Here, as noted above, petitioner is currently in the process of exhausting his state court remedies. Accordingly, it is

inappropriate for this court to interfere with petitioner's ongoing state prosecutions at this point. Therefore, the Court denies petitioner's motion to stay (Dkt. 13) as to the ongoing state court prosecutions. Further, because the Court denies this motion and because petitioner has not shown good cause for a hearing as required by Rule 8(c) of the Rules Governing Section 2254 Cases, the Court denies petitioner's request for a hearing on his motion (Dkt. 19).

## CONCLUSION

Petitioner's motion for appointment of counsel (Dkt. 11), motion to stay dismissal of habeas until appointment of counsel and to stay state court proceedings (Dkt. 13), and motion for emergency hearing regarding his motion to stay dismissal (Dkt. 19) are denied.

In light of the Court's ruling, the Court provide petitioner with an extension to file an amended petition. Petitioner now has until **February 2, 2018** to file an amended petition. He also has until that date to file any supplement to his current response to the Court's order to show cause. Dkt. 12.

As noted in the Court's previous order, petitioner has not yet fully exhausted his state court remedies. Dkt. 8 at 2-3. Therefore, petitioner may, instead of filing an amended petition, voluntarily dismiss his habeas petition to be refiled once his state remedies have been exhausted, or move the court to stay proceedings until he has exhausted his state remedies.

The Clerk is directed to note the above stated due date on this case's docket.

Dated this 27th day of December, 2017.

J. Richard Creatura
United States Magistrate Judge