# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

TIMOTHY ROBERT PETROZZI,

        Petitioner,

v.

THURSTON COUNTY SUPERIOR COURT, et al.,

        Respondents.

CASE NO. 3:17-cv-05677-RBL-JRC

ORDER DENYING CONSOLIDATION AND GRANTING LEAVE TO AMEND

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

Before the Court is petitioner's motion to consolidate all cause numbers from Thurston County Superior Court. Dkt. 22. Petitioner requests that the Court either consider all three Thurston County criminal proceedings when it considers petitioner's habeas petition or, in the alternative, consolidate the three criminal proceedings at the state court level. *Id*. As the Court

has noted in its previous order, a federal court will only interfere with ongoing state criminal proceedings if petitioner can show that: 1) he has exhausted available state judicial remedies; and 2) "special circumstances" warrant federal intervention. *See Carden v. Montana*, 626 F.2d 82, 84-84 & n.1 (9th Cir. 1980). Because petitioner has demonstrated neither, the Court declines to consolidate petitioner's three state court proceedings. However, under the Rules Governing Section 2254 Cases, petitioner may challenge multiple convictions so long as they all originate in the same court. Rule 2(d). Therefore, the Court may consider challenges to all three cause numbers in the present habeas proceeding. Nonetheless, the Court reserves its authority to later sever the three challenges into their own petitions if the interests of justice so dictate.

In the alternative, petitioner may limit his current petition to one cause number, and file separate habeas petitions for his other two cause numbers.

The Court also notes that petitioner did not file an amended petition by February 2, 2018, as ordered by the Court. *See* Dkt. 23. The Court warned petitioner that his petition could face dismissal if he does not file an amended petition by that deadline. *Id*. However, the Court determines that the interests of justice dictate petitioner be given another chance to amend his petition.

Therefore, it is ORDERED:

1) Petitioner may file an amended habeas petition on or before March 16, 2018.
2) If petitioner fails to file a petition by the deadline, the Court may recommend that his petition be dismissed for failure to follow a Court order.

3) The Clerk is directed to provide petitioner with a copy of this order, the forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, as well as a duplicate of the Court's earlier order to show cause or amend (Dkt. 8).

Dated this 12th day of February, 2018.

J. Richard Creatura
United States Magistrate Judge