UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY ROBERT PETROZZI,<br><br>Petitioner,<br><br>v.<br><br>THURSTON COUNTY SUPERIOR COURT and THURSTON COUNTY CORRECTIONS,<br><br>Respondents. | CASE NO. 3:17-cv-05677-RBL-JRC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND EXPEDITED HEARING |

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner Timothy Robert Petrozzi filed his petition pursuant to 28 U.S.C. § 2254. He has now filed a motion for an emergency hearing and expedited reconsideration. Dkt. 25. Plaintiff challenges the Court's previous order denying, among other things, an injunctive stay of his state trials. *Id*. However, petitioner has not shown that the Court committed manifest error in its previous order, or that there are new factual or legal authorities unavailable to the Court at the time. Therefore, the Court denies petitioner's motion for reconsideration and motion for emergency hearing.

ORDER DENYING MOTION FOR
RECONSIDERATION AND EXPEDITED HEARING -
1

## BACKGROUND

Petitioner is a defendant in a state criminal proceeding and appears to be undergoing a state mental competency evaluation. He filed his habeas petition in August of 2017. Dkt. 1. He alleges that his constitutional rights have been violated, but did not plead facts alleging that he has fully exhausted his remedies in state court. Dkt. 7. In October of 2017, the Court ordered that petitioner show cause why his case should not be dismissed, or file an amended complaint. Dkt. 8. At that time, the Court noted that petitioner appeared to still be exhausting his state judicial remedies and that he had named improper respondents in his petition. Dkt. 8. He responded, but did not address the Court's order, instead asserting that Washington law requires this Court to appoint him counsel and asking the Court to stay any order of dismissal until counsel was appointed, a separate motion for appointment of counsel, and an earlier motion for an emergency hearing on a motion to stay his state court proceedings. Dkts. 11, 13, 19. Petitioner did not file an amended petition.

The Court denied his motions, but gave petitioner leave to file an amended petition. Dkt. 23. Now, petitioner has again failed to file an amended petition, but has filed a motion for reconsideration and another motion for an emergency hearing. Dkt. 25. Petitioner appears to allege that he is being treated at Western State Hospital in violation of the Americans with Disabilities Act and, as in previous motions, has cited to Washington state law to support his assertion that he is entitled to counsel, entitled to a state-mandated appellate procedure, and entitled to additional legal protection as "an alleged 'Vulnerable Citizen.'" *Id*. at 3 (citing Chapter 10.77 RCW).

# DISCUSSION

## I. Motion for Reconsideration

Plaintiff asks the Court to reconsider its earlier ruling. *See* Dkt. 23. Motions for reconsideration are disfavored under the Local Rules. *See* LCR 7(h). "The Court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

Petitioner states that various state employees have thwarted his ability to be released from confinement and have failed to provide him legal protections with the speed mandated by state law. Dkt. 25 at 4. However, none of petitioner's contentions demonstrate how the Court's previous order contained manifest error, nor that there is some new factual or legal authority that had not been brought to the Court's attention previously. Further, petitioner's allegations rely largely on alleged violations of Washington state law. But as the Supreme Court has stated, "'federal habeas corpus relief does not lie for errors of state law.'" *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). Unless petitioner can demonstrate that his federal constitutional rights were violated, he the Court cannot provide him federal habeas relief. Because petitioner has not shown that the Court committed manifest error or that there are new factual or legal authorities unavailable to the Court at the time it made its previous determination, reconsideration is not appropriate. Therefore, the Court denies petitioner's motion for reconsideration.

## II. Motion for Emergency Hearing

Petitioner also asks the Court to hold an emergency hearing on his motion for reconsideration. The Court will generally not conduct oral argument if it can make a

determination on the filings alone. LCR 7(b)(4). As noted above, the Court has made a determination on this motion based on the filings and does not require additional evidence or argument. Therefore, petitioner's motion for an emergency hearing is denied.

**III.  Failure to File an Amended Petition**

The Court also notes that, despite two extensions (Dkts. 23, 24), petitioner has still failed to file an amended habeas petition. The Court thus will provide petitioner with one more opportunity to file his amended petition. Petitioner may file it on or before **May 4, 2018**. Failure to file an amended petition will result in the Court recommending petitioner's habeas petition be dismissed for failure to obey a court order.

**CONCLUSION**

For the reasons state above, the Court denies petitioner's motion for reconsideration and motion for emergency hearing (Dkt. 25).

In light of this order and petitioner's failure to file an amended complaint, petitioner is ordered to show cause or file an amended petition on or before **May 4, 2018**. Failure to show cause or file an amended petition will result in the Court recommending petitioner's habeas petition be dismissed.

The Clerk is directed to provide petitioner with a copy of this order and again provide a blank habeas petition form. The Clerk is further directed to provide petitioner with a copy of the Court's previous order explaining the deficiencies in his habeas petition (Dkt. 8).

Dated this 3rd day of April, 2018.

J. Richard Creatura
United States Magistrate Judge

ORDER DENYING MOTION FOR
RECONSIDERATION AND EXPEDITED HEARING -
4