# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

TIMOTHY ROBERT PETROZZI,

    Petitioner,

v.

THURSTON COUNTY SUPERIOR COURT, THURSTON COUNTY CORRECTIONS, WASHINGTON STATE DSHS, and WESTERN STATE HOSPITAL,

    Respondents.

CASE NO. 3:17-cv-05677-RBL-JRC

ORDER TO AMEND

    The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

    Petitioner Timothy Robert Petrozzi has filed an amended petition for a writ of habeas corpus (Dkt. 35), stating three grounds for relief. However, he has not included facts supporting his grounds for relief and, further, has named several respondents, none of whom are proper

parties because none of them are his custodian. Therefore, the Court declines to serve petitioner's habeas petition at this time, but provides petitioner leave to file an amended petition on or before **August 3, 2018**. The Court also notes that this petition has been pending since August of 2017. Therefore, the Court will not look favorably on any further delays to petitioner's case.

**BACKGROUND**

Petitioner initially filed his petition for a writ of habeas corpus in August of 2017. Dkt.1. After petitioner corrected his application to proceed *in forma pauperis* (Dkt. 5), the Court granted him leave to proceed *in forma pauperis* (Dkt. 6) and filed an order to show cause or amend the petition by October 27, 2017 (Dkt. 8). The Court later extended the deadline to December 1, 2017, because petitioner had been relocated within the Department of Corrections ("DOC") and the Court was concerned that the move may have caused him a delay in filing his amended petition. Dkt. 10. Petitioner next filed a "response" to the Court's order, but the response did not address any of the concerns the Court raised in its order. Dkt. 12. The Court next extended petitioner's deadline to February 2, 2018 (Dkt. 23), then to March 16, 2018 (Dkt. 24), and eventually to May 4, 2018 (Dkt. 27). These extensions were caused by petitioner filing motions and requests rather than his amended petition, and the Court giving petitioner additional opportunities to file his amended petition. *See* Dkts. 19, 25, 26, 28.

In May of 2018, petitioner contacted the Clerk's Office, stating that he was now housed at Western State Hospital and that he had not received the Court's previous order granting extension. Dkt. event at 5/22/2018. In light of this, the Court directed the Clerk to re-send the previous order, and granted a final extension to June 22, 2018. Dkt. 29. Petitioner finally filed his amended petition, which was signed on June 21, 2018. Dkt. 35.

In his amended petition, petitioner first claims that he is being denied a particular unspecified process under the American with Disabilities Act ("ADA") and both his Washington statutory and First Amendment rights are being infringed. Dkt. 35, p. 5. He next states that his offender score at sentencing entitled him to a sentencing range of 12-14 months, but that he has served 22 months and has not yet been released. *Id*. at p. 7. He finally alleges there was "error dismissal [sic] although findings were filed per RAP 15.2 and decision 5.3(a)." *Id*. at p. 8. Petitioner names the Thurston County Superior Court, "Thurston County Corrections," the Washington Department of Social and Health Services ("DSHS"), and Western State Hospital as respondents. He asks both that he be released, and that he receive "judgment for amounts listed in summons and complaint over 10 million dollars." *Id*. at p. 15.

**DISCUSSSION**

**I.      Failure to Comply With Rules Governing Habeas Corpus Cases**

Under Rule 2(a) of the Rules Governing Section 2254 Cases, "the petition must name as respondent the *state officer who has custody*." (emphasis added). Further:

> [t]he petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. §2242.

*Id.* at Rule 2(c). The petition must "substantially follow" a form prescribed by the local district court or the form attached to the Rules Governing Section 2254 Cases. *Id.* at Rule 2(d).

Here, petitioner has named Thurston County Superior Court, "Thurston County Corrections," DSHS, and Western State Hospital as respondents in his amended petition. Dkt. 35, p. 1. As noted above, the correct respondent in a habeas petition is the person with custody of petitioner. Petitioner's original petition indicates that he was housed both at Western State

Hospital and the Thurston County Jail (*see* Dkt. 7), and his amended petition indicates that he is now being housed only at Western State Hospital (*see* Dkt. 35). Western State Hospital is a DSHS facility, and therefore the appropriate respondent is Cheryl Strange, the Secretary of DSHS.

In addition, petitioner has only stated three grounds for relief, and has included almost nothing to support those grounds. After simply writing "American's [sic] with Disabilities Act," petitioner's first ground states in its entirety: "have been denied this process that I am entitled to per RCWs 10.77.020, 10.77.230, 10.77.240, 1st Amendment by Judge Martin." Dkt. 35, p. 5. He does not include any further explanation of how the denial of this process caused him to be convicted unlawfully or how he is otherwise entitled to habeas relief. Similarly, his second ground notes that his offender score entitled him to 12-14 months incarceration, but he has now served 22 months. *Id*. at p. 7. Though continued incarceration after a sentence has been fully served would certainly state a constitutional ground for which habeas relief would be appropriate, petitioner limits his explanation to stating that he provided information to "Judge Rumbaugh," who did not act on it. He provides nothing more.

Further, it is unclear what petitioner is stating in this third ground. *Id*. at p. 9. His ground states: "error dismissal although findings were filed per RAP 15.2 and decision 5.3(a) . . . I mailed and filed findings from court hearing 5/3/2018 and have received correspondence indicating so." *Id*. Read liberally, this appears to be a statement that the state courts violated RAP 15.2, meaning that petitioner has filed a federal habeas petition alleging errors of state law – error a federal habeas court cannot correct. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Petitioner has thus not stated facts supporting grounds for which the Court can grant habeas relief.

Because petitioner has not stated facts to support his grounds, petitioner's habeas petition is not in compliance with Rule 2 of the Rules Governing Section 2254 Cases. Therefore, the Court declines to serve petitioner's habeas petition at this time.

## II. Claims for Damages

Petitioner, as well as requesting release from confinement, requests "judgement in the amounts listed in summons and complaint over 10 million dollars." Dkt. 35, p. 15. However, "[h]abeas, by its very nature, is an action to challenge 'the fact or length of custody, *Wolff v. McDonalle*, 419 U.S. 539, 554 (1974); it is not an action in damages, *Preiser v. Rodriguez*, 411 U.S. 475 (1973)." *Furnace v. Giurbino*, 838 F.3d 1019, 1026 (9th Cir. 2016). Thus, petitioner's request for damages is misplaced. If petitioner seeks monetary damages for alleged wrongdoing by a state actor, the appropriate vehicle is a civil suit pursuant to 42 U.S.C. § 1983, which petitioner is already pursuing. *See id.*; *Petrozzi v. Washington*, case no. 3:18-cv-5502-BHS-DWC.

## III. Instructions to Petitioner and Clerk

If petitioner intends to pursue this habeas action, he must file a second amended petition complying with Rule 2 of the Rules Governing Section 2254 Cases on the form provided by the Court. The second amended petition must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original petition or amended petition by reference. The second amended petition will act as a complete substitute for the original petition and amended petition, and not as a supplement.

If petitioner fails to adequately address the issues raised herein and file a second amended petition on or before **August 3, 2018**, the undersigned will recommend dismissal of this action.

The Clerk is directed to provide petitioner with the forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. The Clerk is also directed to provide a copy of this Order to Petitioner.

Petitioner has also filed two motions for preliminary injunction and to stay the state court proceedings. Dkts. 28, 31. Though motions for injunctive relief are generally inappropriate in a federal habeas petition, the Court directs the Clerk to renote both motions (Dkts. 28, 31) to **August 3, 2018**, the day petitioner's second amended petition is due, so the Court may consider them in light of petitioner's second amended petition.

The Court also notes that this petition has been pending since August of 2017, and the Court has not yet even been able to direct service on the proper respondent. Therefore, the Court will not look favorably on any further delay. Failure to file an amended petition by the date noted above will result in the Court recommending dismissal for failure to obey a court order.

Dated this 6th day of July, 2018.

J. Richard Creatura
United States Magistrate Judge