UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY ROBERT PETROZZI,<br><br>                 Petitioner,<br><br>    v.<br><br>THURSTON COUNTY SUPERIOR COURT, et al.,<br><br>                 Respondents. | CASE NO. 3:17-cv-05677-RBL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:  August 31, 2018 |

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura.  The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.  Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

After almost a year of litigation in which the Court has not received a habeas petition sufficient for service, the Court provided petitioner with a deadline to file a second amended petition. He has failed to do so. Therefore, the Court recommends dismissing petitioner's habeas petition for failure to obey a court order.

**BACKGROUND**

Petitioner initially filed his petition for a writ of habeas corpus in August of 2017. Dkt. 1. After reviewing his petition, the Court entered an order to show cause or amend because plaintiff had named the incorrect respondent and it was unclear whether petitioner had fully exhausted his state court remedies. Dkt. 8. The Court gave petitioner under October 27, 2017, to file an amended petition. *Id*. The Court later extended that deadline to December 1, 2017, because petitioner had been relocated within the Department of Corrections ("DOC") and the Court was concerned that the move may have caused him a delay in filing his amended petition. Dkt. 10. Petitioner next filed a "response" to the Court's order, but the response did not address any of the concerns the Court raised in its order. Dkt. 12. The Court again extended petitioner's deadline to February 2, 2018 (Dkt. 23), then to March 16, 2018 (Dkt. 24), and eventually to May 4, 2018 (Dkt. 27). These extensions were caused by petitioner filing motions and requests rather than his amended petition, and the Court giving petitioner additional opportunities to file his amended petition. *See* Dkt. 19, 25, 26, 28.

In May of 2018, petitioner contacted the Clerk's Office, stating he was now housed at Western State Hospital and the he had not received the Court's previous order granting extension. Dkt. event at 5/22/2018. In light of this, the Court directed the Clerk to re-send the previous order, and granted yet another extension to June 22, 2018. Dkt. 29.

On June 21, 2018, petitioner filed his amended petition. Dkt. 35. However, the Court found that it was deficient because petitioner had again failed to name the correct respondent and sought monetary damages – a remedy unavailable in a habeas proceeding. Dkt. 37. The Court directed plaintiff to correct the deficiencies and file a second amended petition on or before August 3, 2018. *Id*. The Court warned petitioner that, because the case was filed in August of

1  2017, and the Court still had not yet even received a petition sufficient to serve on respondent,
2  "[f]ailure to file an amended petition by the date noted above will result in the Court
3  recommending dismissal for failure to obey a court order." *Id*. at p. 6.
4  Petitioner has failed to file a second amended complaint.

## DISCUSSION

6  Federal Rule of Civil Procedure 41(b) allows the Court to involuntarily dismiss an action
7  "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." In
8  determining whether to dismiss a claim for failure to obey a court order, the Court weighs five
9  factors: "(1) the public's interest in expeditious resolution; (2) the court's need to manage its
10 docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic
11 alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan*
12 *v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61
13 (9th Cir. 1992)).
14 Here, after petitioner filed his original petition in August of 2018, the Court provided him
15 numerous additional extensions. Nonetheless, the Court has not received a second amended
16 petition worthy of service. Therefore, the Court recommends dismissing petitioner's habeas
17 petition for failure to obey a court order. The Court also recommends denying all other
18 outstanding motions (Dkt. 28, 31) as moot.

## OBJECTIONS

20 Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
21 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
22 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
23 review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver
24

1  of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*
2  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit
3  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
4  August 31, 2018, as noted in the caption.

   Dated this 10th day of August, 2018.

   J. Richard Creatura
   United States Magistrate Judge